IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 FEB 12 P 3: 51

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| CHALEE DENNIS, Personal Representative of the Estate of the Late WEBSTER DENNIS, JR., Deceased 2324 East Old Shakopee Road Bloomingtown, Minnesota 55425 | : : : : |
| and | : |
| CHALEE DENNIS, Individually 2324 East Old Shakopee Road Bloomingtown, Minnesota 55425 | : : : |
| Plaintiffs | : |
| v. | : Civil Action No.: |
| STEVEN E. HEARNE, M.D. 106 Milford Street, Suite 605 Salisbury, Maryland 21804 | : JFM08CV0385 : : |
| and | : |
| DELMARVA HEART, LLC 106 Milford Street, Suite 605 Salisbury, Maryland 21804   Serve on Resident Agent:   Jeffrey H. Etherton, M.D.   106 Milford Street, Suite 605   Salisbury, Maryland 21804 | : : : : : : |
| and | : |
| MICHAEL P. BUCHNESS, M.D. 201 Pine Bluff Road, Suite 25 Salisbury, Maryland 21801 | : : : |
| and | : |
| CV SURGICAL ASSOCIATES, P.A. 201 Pine Bluff Road, Suite 25 Salisbury, Maryland 21801 | : : : |

    Serve on Resident Agent:
    Nevins W. Todd, Jr.
    201 Pine Bluff Road, Suite 25
    Salisbury, Maryland 21801

and

PENINSULA REGIONAL
MEDICAL CENTER
South Division & Locust Streets
Salisbury, Maryland 21801
    Serve on Resident Agent:
    Daniel J. Mulvanny
    100 East Carroll Street
    Salisbury, Maryland 21801

    Defendants

## COMPLAINT

### COUNT I

COMES NOW the Plaintiff, Chalee Dennis, Personal Representative of the Estate of the Late Webster Dennis, Jr., Deceased, by his attorneys, Jonathan Schochor, James D. Cardea, and Schochor, Federico and Staton, P.A. and sues, Steven E. Hearne, M.D., Delmarva Heart, LLC, Michael P. Buchness, M.D., CV Surgical Associates, P.A., and Peninsula Regional Medical Center, Defendants:

### PARTIES

1. The Plaintiff, Chalee Dennis, Individually and as Personal Representative of the Estate of the Late Webster Dennis, Jr., Deceased is over twenty-one (21) years of age, and is a citizen of the United States of America. The Plaintiff maintains this action personally and as Personal Representative of the Estate of the Late Webster Dennis, Jr., Deceased.

2. The Defendants Steven E. Hearne, M.D. and Michael P. Buchness, M.D., are citizens of the United States of America and citizens and domiciliary of the State of Maryland, and are over twenty one (21) years of age.

3. The Defendants, Delmarva Heart, LLC, CV Surgical Associates, P.A., and Peninsula Regional Medical Center, own and operate offices in Salisbury, Maryland. These medical facilities are the location of the tortious acts complained of.

4. At all times referred to herein, the Plaintiff's Decedent, Webster Dennis, Jr., received medical and/or surgical care at the Peninsula Regional Medical Center in Salisbury, Maryland which, as referenced hereinabove.

5. The Plaintiff's Decedent, Webster Dennis, Jr., Deceased, suffered unending physical pain, emotional anguish as well as fear and anxiety ultimately culminating in his tragic and untimely demise on March 17, 2007, as the direct and proximate result of negligence on the part of the Defendants and each of them, acting within the scope of their authority.

## JURISDICTION AND VENUE

6. The jurisdiction and venue of this Honorable Court are based upon § 28 U.S.C. § 1346(b) and § 2671 *et. seq.*, including the Federal Tort Claims Act. It is asserted that all of the tortious acts and omissions complained of herein occurred at the Peninsula Regional Medical Center in Salisbury, Maryland. At all times referred to herein, the Defendant Hearne acted for himself and as a duly authorized agent and/or employee of the Defendant Delmarva Heart, LLC and/or the Defendant Peninsula Regional Medical Center (hereinafter referred to as "Hospital"), acting within the scope of his authority. At all times referred to herein, the Defendant Buchness acted for himself and as a duly authorized agent and/or employee of the Defendant CV Surgical Associates, P.A. and/or the Defendant Hospital, acting within the scope of his authority.


Jurisdiction is conferred upon this Honorable Court based upon diversity of a citizenship pursuant to 28 U.S.C., Section 1332, and venue is conferred by virtue of 28 U.S.C., Section 1391, and the amount in controversy exceeds the sum of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

7. This Honorable Court has jurisdiction over the subject matter based upon diversity of a citizenship pursuant to 28 U.S.C., Section 1332, and venue is conferred by virtue of 28 U.S.C., Section 1391.

## COUNT I

8. At all times of which the Plaintiff complains, the Defendants Hearne and Buchness represented to the Plaintiff's Decedent and the public that they possessed the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff's Decedent.

9. The Plaintiff alleges that the Defendants Hearne and Buchness herein, including duly authorized agents and/or employees of the Defendant Hospital, owed to the Plaintiff's Decedent the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation -- all of which these Defendants failed to do.

10. The Defendants Hearne and Buchness were negligent in that they failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to properly and appropriately diagnose the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of chosen treatment, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's Decedent's condition, and were otherwise negligent.

11. The Plaintiff alleges that the Defendants Delmarva Heart, LLC and CV Surgical Associates, P.A., through their agents, servants and employees, owed to the Plaintiff's Decedent a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendants failed to do.

12. The Defendants Delmarva Heart, LLC and CV Surgical Associates, P.A., through their agents, servants and/or employees, were negligent in that they failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment

and/or procedures performed, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's Decedent's condition, failed to diagnose the Plaintiff's Decedent's condition and were otherwise negligent.

13. The Plaintiff alleges that the Defendant Peninsula Regional Medical Center (hereinafter referred to as "Hospital"), through its agents, servants and employees, owed to the Plaintiff's Decedent a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's Decedent's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

14. The Defendant Hospital, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's Decedent's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff's Decedent's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's Decedent's condition, failed to diagnose the Plaintiff's

Decedent's condition and was otherwise negligent. At all times referred to herein, the Defendant Hearne acted for himself and as a duly authorized agent and/or employee of the Defendant Delmarva Heart, LLC and/or the Defendant Hospital, acting within the scope of his authority. At all times referred to herein, the Defendant Buchness acted for himself and as a duly authorized agent and/or employee of the Defendant CV Surgical Associates, P.A. and/or the Defendant Hospital, acting within the scope of his authority.

15. As a direct and proximate result of the negligence of these Defendants and each of them, the Plaintiff's Decedent suffered unending physical pain, emotional anguish as well as fear and anxiety, ultimately culminating in his tragic and untimely demise on March 17, 2007.

16. On March 10, 2007, the Plaintiff's Decedent, Webster Dennis, Jr., at age 57, presented to a hospital emergency department with complaints of back pain in addition to upper quadrant pain, nausea and vomiting. An abdominal CT scan revealed the presence of a double lumen in the aorta. A chest CT scan then confirmed the diagnosis of an aortic dissection. As a result, the Plaintiff's Decedent was transferred to the Defendant Hospital for definitive care and treatment.

17. On that same day, at approximately 5:10 p.m., the Plaintiff's Decedent arrived at the Defendant Hospital and was evaluated by the Defendant Buchness, a cardiothoracic surgeon. At all times referred to herein, the Defendant Buchness held himself out to be an expert in cardiothoracic surgery as well as the diagnosis and treatment of the aortic dissection from which the Plaintiff's Decedent suffered. The Defendant Buchness confirmed the diagnosis in the thoracic and abdominal aorta and admitted the Plaintiff's Decedent to the Intensive Care Unit (ICU) under the care of the Defendant Hearne -- a cardiologist. The plan was medical management of the Plaintiff's Decedent with beta blockers, sedatives and/or other medications, if

possible. It is alleged that the standards of care permit the treatment of such an aortic dissection medically if, and only if, it is possible to do so without surgical intervention. It is alleged that the standards of care require the highest form of surveillance to be sure that the dissection does not progress, making surgical intervention is impossible.

18. It is asserted that the medical management of the Plaintiff's Decedent proceeded uneventfully until 3:00 a.m. on March 17, 2007. At that time, his condition changed from a complaint of zero pain, to ongoing complaints of severe pain -- 6 out of a scale of 1-10. It is alleged that the Decedent's change in condition from experiencing no pain to severe pain, constituted an emergency. As a result, the Defendant Hospital's personnel were obligated by the standards of care to immediately contact both the Defendants Buchness and Hearne, who were then required to immediately see the Plaintiff's Decedent. Had they done so, progression of the dissection would have been diagnosed, requiring STAT surgical intervention.

19. Tragically, there was no intervention forthcoming whatsoever. By 8:00 a.m., the Plaintiff's Decedent was agitated, anxious, and uncooperative -- completely opposite from his prior condition. He then reported to the nurses (when they finally asked), that his pain had progressed to 10 out of 10, and described it as the worst possible pain he had ever experienced. Amazingly, in the face of this absolute surgical emergency, plans went on to discharge the Plaintiff's Decedent to his home. In fact, he was seated on a gurney, attempting to dress himself to leave the Defendant Hospital, when he collapsed due to the progression of the aortic dissection. As predicted, by that time any attempts at intervention proved fruitless, and the Plaintiff's Decedent was pronounced dead at 11:10 a.m. on March 17, 2007.

20. It is alleged that had these Defendants and each of them conformed with the applicable standards of care, the Defendants Buchness and Hearne would have been contacted in

a timely fashion, they would have responded on an emergent basis, and provided the Plaintiff's Decedent with timely surgical intervention. Had these Defendants and each of them conformed with the standards of care as required, it is alleged that the Plaintiff's Decedent would have made an uneventful recovery from surgery, and would have returned home to his family to resume all of his normal activities. However, as the direct and proximate result of their ongoing negligence, the Plaintiff's Decedent endured unending physical pain, emotional anguish, as well as fear and anxiety, ultimately culminating in his untimely demise as referred to hereinabove. Additionally, the Plaintiff's Decedent incurred hospital, surgical, medical, pharmacological, funeral, burial and other losses and expenses for which claim is made.

21. The Plaintiff and Plaintiff's Decedent refer to the negligence of these Defendants and each of them as the sole and proximate cause of all of the injuries, damages and ultimate death of the Plaintiff's Decedent -- with the Plaintiff and Plaintiff's Decedent being in no way contributorily negligent.

22. The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs.

23. The negligence complained of occurred in Wicomico County. Venue is claimed in United States District Court for the District of Maryland due to diversity of citizenship. Jurisdiction is conferred upon this Honorable Court based upon diversity of a citizenship pursuant to 28 U.S.C., Section 1332, and venue is conferred by virtue of 28 U.S.C., Section 1391.

_____
Jonathan Schochor

_____
James D. Cardea

*Schochor, Federico & Staton, PA*
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

## COUNT II

COMES NOW the Plaintiff, Chalee Dennis, by his attorneys, Jonathan Schochor, James D. Cardea, and Schochor, Federico and Staton, P.A. and sues, Steven E. Hearne, M.D., Delmarva Heart, LLC, Michael P. Buchness, M.D., CV Surgical Associates, P.A., and Peninsula Regional Medical Center, Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Count 1 hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2. The Plaintiff alleges that he is the surviving son of the Plaintiff's Decedent, Webster Dennis, Jr. As a result of the negligence of these Defendants, the Plaintiff asserts that the relationship he enjoyed with the Plaintiff's Decedent was destroyed.

3. The Plaintiff alleges that he has lost the love, support, guidance, advice and comfort furnished by his beloved father as the result of the negligence of these Defendants. The death of his father represents a tragedy from which he will never recover.

4. The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs.

5. The negligence complained of occurred in Wicomico County. Venue is claimed in United States District Court for the District of Maryland due to diversity of citizenship.

Jurisdiction is conferred upon this Honorable Court based upon diversity of a citizenship pursuant to 28 U.S.C., Section 1332, and venue is conferred by virtue of 28 U.S.C., Section 1391.

_____
Jonathan Schochor

_____
James D. Cardea

_____
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs